IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.	CRIMINAL ACTION NO. 2:04CR12

WILLIAM B. DURNAL,

        Defendant.

## ORDER/OPINION

On the 15th day of February, 2006, came the United States of America by Zelda Wesley, Assistant United States Attorney, and also came the defendant, William B. Durnal, in person and by his counsel, Brian Kornbrath, for hearing on the Petition for Action on Conditions of Pretrial Release alleging that Durnal violated Mandatory Condition #1 of his Conditions of Release.

### I. Procedural History

On May 5, 2004, Defendant William B. Durnal was released on conditions set by Order. On February 3, 2006, pre-trial services officer Eydie Feathers filed a "Petition for Action on Conditions of Pretrial Release" alleging Defendant violated Mandatory Condition # 1 of the Order. By Order dated February 3, 2006, United States Magistrate Judge John S. Kaull directed Defendant be arrested and brought before the Court to answer the allegations made against him in the Petition.

Defendant was arrested pursuant to the Court's order and had an Initial Appearance on the violation on February 6, 2006. On February 8, 2006, Defendant signed a Plea Agreement.

Also on February 8, 2006, Defendant's pretrial services officer wrote to the Court informing it of another alleged violation. The undersigned ordered the new information and attachment filed and made part of the petition. Meanwhile, Defendant pled guilty to Count Two of the Indictment, charging him with making counterfeit United States currency, before United States District Judge Robert E. Maxwell on February 9, 2006. Judge Maxwell ordered Defendant remanded to the custody of the United States Marshal pending a hearing on the alleged violations of his Conditions of Release. A hearing was held on the Petition for Action on Conditions of Pretrial Release before the undersigned on February 15, 2006. Defendant appeared in person and by his counsel, Brian Kornbrath. The United States appeared by Zelda Wesley, its Assistant United States Attorney.

## II. Contentions

The Petition alleges that Defendant:

1. Violated Mandatory Condition No. 1 of the Order Setting Conditions of Release which provides: "The defendant shall not commit any offense in violation of federal, state or local law while on release in this case."

The Petition alleges:

On February 2, 2006, the undersigned pretrial services officer was contacted by Assistant United States Attorney Zelda Wesley regarding Mr. Durnal. According to Ms. Wesley, the defendant has allegedly been video taped by undercover police officers distributing controlled substances to a confidential informant and an undercover officer. On February 3, 2006, the undersigned pretrial services officer attempted to reach Ms. Wesley and defense counsel Brian Kornbrath, to investigate this information further, however, at this time, the pretrial officer was unable to reach either party. The pretrial services officer was able to contact case agent Mike Garrett of the West Virginia State Police. Agent Garrett reported that police made contact with the defendant at the Cambridge Apartment complex in Buckhannon, West Virginia. The defendant apparently got into a vehicle with the confidential informant and an undercover officer, and they drove to the defendant's home on Pocahontas Street, Buckhannon. The defendant reportedly went

2

inside and returned shortly afterward and got back into the vehicle, at which time they proceeded to another location. While en route, the drug transaction reportedly took place. According to Agent Garrett, the defendant produced 28 suspected Hydrocodone pills for which he received $100.00. Agent Garrett provided the undersigned probation officer with the police report prepared in the incident [the police report is attached to the Petition].

The supplemental information provided to the Court on February 8, 2006, by Pretrial Services Officer Feathers also alleges a violation of Mandatory Condition No. 1. The basis for that allegation is that Defendant was charged in case number 06-M-135 in Randolph County Magistrate Court with misdemeanor domestic battery. The victim of the alleged domestic battery is the son of the woman Defendant is dating and with whom he is living, according to the police report.

Prior to the taking of evidence, Defendant waived the hearing, admitting he had violated his conditions of release as alleged in the original Petition, by distributing hydrocodone. The Defendant denied and contested the domestic battery allegation but the Government did not pursue, and the Court did not address, the same.

From the colloquy between the Court and the defendant, the Court concludes Defendant's decision to waive the hearing was knowingly and voluntarily made.

Defendant moved the Court for continuation of his release on bond, modified to include home confinement with electronic monitoring. For reasons apparent to the Court and as stated on the record, including Defendant's prior criminal record which includes flight to avoid prosecution, the Court DENIED Defendant's request to remain on bond.

### III. Findings Of Fact

Based on the testimony presented at the hearing held February 15, 2006, and the docket

3

record as the same existed on February 15, 2006, the undersigned makes the following findings of fact:

1)   Defendant was placed on conditional release by Order dated May 5, 2004.

2)   Mandatory Condition No. 1 of the Order Setting Conditions of Release required Defendant to refrain from committing any offense in violation of federal, state or local law while on release in this case.

3)   Defendant was released from federal custody on May 5, 2004, pursuant to the Order Setting Conditions of Release.

4)   Defendant signed an acknowledgment that he was aware of the conditions of his release, was aware of the penalties and sanctions for violations of his conditions of release, and promised to obey his conditions of release.

5)   Defendant is Pretrial Services Officer Eydie Feathers' assigned supervisee.

6)   Defendant distributed hydrocodone while on release on conditions in this matter.

7)   Defendant, due to the seriousness of the charges pending against him, the seriousness of the admitted violation, and his prior criminal record including failure to appear on several occasions, is a flight risk.

## IV.  Conclusion

Upon consideration of all the evidence, the undersigned concludes there is clear and convincing evidence that Defendant violated Mandatory Condition No. 1 of the Order Setting Conditions of Release entered May 5, 2004.

Based on the factors set forth in 18 U.S.C. §3142(g) and the clear and convincing evidence presented at the hearing, the undersigned finds William B. Durnal is unlikely to abide by any

condition or combination of conditions of release and that he is a flight risk if released. It is therefore **ORDERED** that the release of Defendant William B. Durnal on conditions is **REVOKED** and that Defendant be **REMANDED** to the custody of the United States Marshal pending further proceedings in this case.

The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: February 15, 2006.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE